**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LEYDI SORAIDA HOLGUIN,<br><br>Petitioner,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; [NAME], in [his/her] official capacity as Director, California Service Center; NATALIA FIGUEROA, in her official capacity as Field Office Director, San Juan Field Office; KIKA SCOTT, in her official capacity as District Director, District 9, Miami District Office; JOSEPH EDLOW, in his official capacity as Director, U.S. Citizenship and Immigration Services; and MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security,<br><br>Respondents. | Civil No.: _______________<br><br>Agency No.: A219-602-023<br><br>Receipt No.: IOE0923152575 |

**VERIFIED PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

TO THE HONORABLE COURT:

COMES NOW Petitioner Leydi Soraida Holguin, through her undersigned attorney, and respectfully states and prays:

## I. INTRODUCTION

1. Petitioner Leydi Soraida Holguin is a lawful permanent resident of the United States. On May 27, 2023, she married Elio Manuel Cuevas (A219-602-023), a citizen of the Dominican Republic, in San Juan, Puerto Rico. (Exhibit 1,2,3).

2. On November 14, 2023, Petitioner filed a Form I-130, Petition for Alien Relative, for her husband. USCIS assigned it Receipt No. IOE0923152575. (Exhibit 2). The petition has now been

pending for almost *three years*. USCIS has not issued a request for evidence, has not scheduled an interview, and has not decided it.

3. Mr. Cuevas is in removal proceedings before the Guaynabo Immigration Court. His next master calendar hearing is set for February 3, 2027. (Exhibits 5). He has no form of relief that the Immigration Judge can grant him on his own. An approved I-130 is the only realistic lawful path that would keep this family together.

4. Mr. Cuevas has been diagnosed with high-risk Stage IIIC sigmoid colon adenocarcinoma. He has completed chemotherapy and remains under active oncologic surveillance in Puerto Rico. He and Petitioner have three United States citizen children. If Respondents do not decide on the I-130 before the February 3, 2027 hearing, Mr. Cuevas faces a removal order during his cancer surveillance, a ten-year bar to return, and permanent separation from his wife and children.

5. Petitioner asks this Court to compel Respondents to do what the law already requires: decide her petition within a reasonable time. Petitioner does not ask the Court to tell USCIS how to decide it.

## II. JURISDICTION

6. This action arises under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*; the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 701-706; and the Mandamus Act, 28 U.S.C. § 1361.

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (mandamus). The APA waives sovereign immunity for this action. 5 U.S.C. § 702. The Court may grant relief under 5 U.S.C. § 706(1), 28 U.S.C. § 1361, 28 U.S.C. § 1651, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

8. The INA's jurisdiction-stripping provisions do not bar this action. The INA's discretionary-review bar, 8 U.S.C. § 1252(a)(2)(B)(ii), shields certain discretionary decisions or actions. It does not shield a refusal to decide at all. *Agrawal v. Edlow*, No. 26-CV-01400-EKL, 2026 WL 2363473 (N.D. Cal. Aug. 14, 2026); *see also Abdi v. Chertoff*, 589 F. Supp. 2d 120 (D. Mass. 2008) (the INA bars review of the substance of a decision, not its pace). Section 1252(g) does not apply, because Petitioner does not challenge any decision to commence proceedings, adjudicate cases, or execute a removal order. Petitioner challenges only USCIS's failure to adjudicate her I-130.

**III. VENUE**

9. Venue is proper in this District under 28 U.S.C. § 1391(e)(1). Respondents are agencies and officers of the United States sued in their official capacities. Petitioner resides in this District, no real property is involved, and a substantial part of the events and omissions giving rise to this claim occurred here. 28 U.S.C. § 1391(e)(1)(B), (C).

**IV. PARTIES**

10. Petitioner Leydi Soraida Holguin has been a lawful permanent resident of the United States since April 10, 2017, and resides in San Juan, Puerto Rico. She is the petitioner on the Form I-130 at issue.

11. Respondent U.S. Citizenship and Immigration Services (USCIS) is an agency of the U.S. Department of Homeland Security and is responsible for the adjudication of affirmative applications for immigration benefits, including the I-130 immigration petition that is the subject of this action. USCIS is responsible for the legal wrongs committed against Petitioner.

12. Respondent Director, USCIS California Service Center, is sued in his or her official capacity. The California Service Center received Petitioner's I-130 and has custody of the petition.

In this capacity, the Director has supervisory authority over the processing of the petition and is responsible for the legal wrongs committed against Petitioner.

13. Respondent NATALI FIGUEROA is the Director of USCIS San Juan Field Office, is sued in his or her official capacity. The San Juan Field Office has jurisdiction over Petitioner's place of residence. In this capacity, the Director has supervisory authority over all operations of the USCIS San Juan Field Office, which is responsible for the legal wrongs committed against Petitioner.

14. Respondent Kika Scott is the Director of the USCIS Miami District (District 9), is sued in his or her official capacity. The Miami District has jurisdiction over the USCIS San Juan Field Office. In this capacity, the Director has supervisory authority over all operations of the USCIS San Juan Field Office, which is responsible for the legal wrongs committed against Petitioner. Each Director is designated by official title. Fed. R. Civ. P. 17(d).

15. Director Joseph Edlow is sued in his official capacity as the Director of U.S. Citizenship and Immigration Services (USCIS). He has supervisory authority over the preceding Respondents and is also responsible for the legal wrongs committed against Petitioner.

16. Secretary Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS), which is responsible for the enforcement of the immigration laws. Because the preceding Respondents are agents of DHS, Secretary Mullin is also responsible for the legal wrongs committed against Petitioner.

## V. EXHAUSTION OF REMEDIES

17. Petitioner has no administrative remedy to exhaust. No statute or regulation provides an administrative appeal from USCIS's failure to decide an I-130. Courts may not impose an exhaustion requirement that no statute or rule demands. *Darby v. Cisneros*, 509 U.S. 137, 153-54

(1993). [Petitioner has also asked USCIS to expedite the petition on medical grounds. USCIS has not acted on that request. (Exhibit 9).]

## VI. FACTUAL ALLEGATIONS

### A. The Family

18. Petitioner was born in the Dominican Republic. She became a lawful permanent resident on April 10, 2017. (Exhibit 1).

19. Mr. Cuevas is a native and citizen of the Dominican Republic. (Exhibit 3).

20. Petitioner and Mr. Cuevas married on May 27, 2023, in San Juan, Puerto Rico. The Puerto Rico Demographic Registry recorded the marriage on June 6, 2023. (Exhibit 2).

21. The marriage is bona fide. The couple lives together in San Juan, Puerto Rico, with their children. Their relationship predates the marriage by several years. Mr. Cuevas is listed as the father on the birth certificates of children born to the couple in 2020, 2021, and 2023.

22. Petitioner and Mr. Cuevas have three United States citizen children, all born in San Juan, Puerto Rico: E.C.H. (born 2020), L.C.H. (born 2021), and S.C.H. (born 2023). One child requires lifelong pediatric cardiology follow-up for a congenital heart condition. Another receives speech therapy services approved by the Puerto Rico Department of Education.

23. The couple married more than two years before DHS placed Mr. Cuevas in removal proceedings.

### B. The I-130 Petition

24. On November 14, 2023, Petitioner filed Form I-130 for Mr. Cuevas under INA § 203(a)(2)(A), 8 U.S.C. § 1153(a)(2)(A), as the spouse of a lawful permanent resident. USCIS received the petition at the California Service Center, accepted the $535.00 filing fee, and issued Receipt No. IOE0923152575. Petitioner's priority date is November 14, 2023. (Exhibit 4).

25. The petition included the filing fee and the evidence required to establish the qualifying relationship, including the marriage certificate and proof of Petitioner's permanent resident status. See 8 C.F.R. § 204.2(a)(2).

26. Since filing, USCIS has not issued a request for evidence, a notice of intent to deny, or an interview notice. USCIS has not approved or denied the petition. As of the filing of this action, the I-130 has been pending for almost three years.

27. Under the Department of State Visa Bulletin for November 2026, the F2A final action date for all chargeability areas other than Mexico is October 22, 2026. Petitioner's November 14, 2023 priority date is current. An immigrant visa number is available to Mr. Cuevas now. The only step missing is USCIS's decision on the I-130.

28. Congress has stated that the processing of an immigration benefit application should be completed not later than 180 days after its initial filing. 8 U.S.C. § 1571(b). Respondents have exceeded that benchmark by about two and a half years.

**C. The Removal Proceedings**

29. On November 15, 2025, DHS, through ICE, served Mr. Cuevas with a Notice to Appear. The Notice alleges that he entered the United States on or about December 16, 2016, without inspection, and charges him as removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). (Exhibit 6).

30. On September 30, 2026, the Guaynabo Immigration Court scheduled an internet-based master calendar hearing for February 3, 2027, at 1:00 p.m., before Immigration Judge Talavera-Peraza. (Exhibit 5).

31. Mr. Cuevas has no relief from removal that the Immigration Judge can grant on his own:

(a) He cannot adjust status under INA § 245(a), 8 U.S.C. § 1255(a), because he was not inspected and admitted or paroled. He does not qualify for INA § 245(i) because no qualifying petition or labor certification was filed on his behalf on or before April 30, 2001. 8 U.S.C. § 1255(i)(1)(B).

(b) He cannot seek cancellation of removal under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). Service of the Notice to Appear ended his continuous physical presence at about eight years and eleven months, short of the required ten years. 8 U.S.C. § 1229b(d)(1)(A).

(c) He did not apply for asylum within one year of his arrival. 8 U.S.C. § 1158(a)(2)(B).

(d) Absent an approved I-130, voluntary departure under 8 U.S.C. § 1229c is his only remaining option.

32. An approved I-130 changes that. With an approved petition and a current priority date, Mr. Cuevas can ask the Immigration Judge to continue his case for good cause. 8 C.F.R. § 1003.29; *Matter of L-A-B-R-*, 27 I&N Dec. 405, 406-07, 413 (A.G. 2018); *Matter of Hashmi*, 24 I&N Dec. 785, 790 (BIA 2009). He can also ask the Immigration Judge to administratively close his case. *Matter of Cruz-Valdez*, 28 I&N Dec. 326, 329 (A.G. 2021); *Matter of Avetisyan*, 25 I&N Dec. 688, 696 (BIA 2012) (administrative-closure standard restored by *Matter of Cruz-Valdez*, 28 I&N Dec. 326 (A.G. 2021)). Administrative closure would allow him to apply for a provisional unlawful presence waiver, Form I-601A, and then complete consular processing. *See* 8 C.F.R. § 212.7(e)(3), (e)(4)(iii). Petitioner, as his lawful permanent resident spouse, is a qualifying relative for that waiver. 8 U.S.C. § 1182(a)(9)(B)(v). Once the petition is approved, the waiver is concrete and immediately fileable. It is not the speculative, unfiled waiver at issue in *Matter of Medina Madrid*, 29 I&N Dec. 514, 516-17 (BIA 2026).

33. Without an approved I-130, none of these steps is available. Mr. Cuevas cannot file the I-601A. 8 C.F.R. § 212.7(e)(4)(iii). He has no basis to request administrative closure, and a request for a continuance is substantially weaker. The Immigration Judge will likely order him removed, or he will be forced to accept voluntary departure, at or soon after the February 3, 2027 hearing.

34. A removal order would bar Mr. Cuevas from returning for ten years. 8 U.S.C. § 1182(a)(9)(A)(ii). It would also make him ineligible for the provisional waiver unless USCIS first grants him permission to reapply for admission on Form I-212, adding another discretionary application and further delay. 8 C.F.R. § 212.7(e)(4)(iv); *Medina Madrid*, 29 I&N Dec. at 517. Because he has been unlawfully present for one year or more, any departure would trigger the ten-year unlawful presence bar. 8 U.S.C. § 1182(a)(9)(B)(i)(II). Without the provisional waiver, he would have to remain abroad, separated from his wife and children, while seeking a waiver from outside the United States.

**D. Mr. Cuevas's Cancer Diagnosis**

35. Mr. Cuevas has been diagnosed with high-risk Stage IIIC sigmoid colon adenocarcinoma. He is a patient of Elías J. Sobrino Najul, M.D., of the Hematology and Oncology Program at Hospital Oncológico Dr. Isaac González Martínez, operated by the Liga Puertorriqueña Contra el Cáncer.

36. Mr. Cuevas completed chemotherapy. He remains active oncologic surveillance and continues to receive care for chemotherapy-related neuropathy. His oncologist evaluated him in person on April 23, 2026. The clinic also scheduled follow-up visits for December 23, 2025, and July 23, 2026.

37. Petitioner is Mr. Cuevas's primary caregiver. She accompanies him to his oncology appointments and manages his care while raising their three young children.

38. A removal order or a forced departure during his surveillance period would cut Mr. Cuevas off from his treating oncologist and from his wife's care, at the time he most needs both. It would also separate three United States citizen children, one of whom has a congenital heart condition, from their father. This harm is concrete, time-sensitive, and specific to this family. It is not the generalized hardship of waiting in a queue.

**E. Harm to Petitioner**

39. Respondents' delay has caused Petitioner ongoing fear, anxiety, and uncertainty about whether her husband will be removed while he is under cancer surveillance, leaving her to care for their children alone.

40. Unless Respondents decide the I-130 before February 3, 2027, hearing, the delay will not merely postpone relief. It will destroy it. A petition that USCIS could approve today on a current priority date will become, for practical purposes, worthless to this family once a removal order enters.

## VII. CLAIMS FOR RELIEF

**COUNT ONE: Agency Action Unlawfully Withheld and Unreasonably Delayed (5 U.S.C. §§ 555(b), 706(1))**

41. Petitioner realleges and incorporates paragraphs 1 through 41.

42. The APA requires every agency, "within a reasonable time," to "proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). A reviewing court "shall" compel agency action "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

43. Adjudicating Petitioner's I-130 is a discrete agency action that Respondents are required to take. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Once USCIS verifies the facts, it "shall" approve the petition. 8 U.S.C. § 1154(b). USCIS has discretion over the outcome. It has no

discretion to refuse to decide. *Sutton v. Napolitano*, 986 F. Supp. 2d 948, 959-60 (W.D. Wis. 2013); *see also* 8 C.F.R. § 103.2(b)(18) (limiting when USCIS may withhold adjudication); *Shuba v. U.S. Embassy in Poland*, No. 25-CV-00390-LM, 2026 WL 2389580 (D.N.H. Aug. 17, 2026) (issuing a final decision is a discrete agency action).

44. Courts in this Circuit assess unreasonable delay under the factors set out in *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). *See Towns of Wellesley, Concord & Norwood, Mass. v. FERC*, 829 F.2d 275, 277 (1st Cir. 1987). Each factor favors Petitioner.

45. Rule of reason and congressional timetable (factors one and two). Congress set a 180-day benchmark for immigration benefit applications. 8 U.S.C. § 1571(b). That benchmark is a measure against which the agency's progress must be judged, and at minimum it requires that adjudication proceed. *Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs.*, 834 F. Supp. 3d 242, 309-10 (D.R.I. 2026). Here, nothing has happened in almost three years. Courts in this Circuit have found comparable delays unreasonable and ordered adjudication. *Tang v. Chertoff*, 493 F. Supp. 2d 148, 157 (D. Mass. 2007) (delay of nearly four years "far to the 'unreasonable' side"); *Abdi*, 589 F. Supp. 2d at 122 (four-year delay "clearly not reasonable").

46. Human health and welfare (factor three). Delay is less tolerable when human health and welfare are at stake. *TRAC*, 750 F.2d at 80. Mr. Cuevas has high-risk Stage IIIC colon cancer. He has completed chemotherapy, suffers from chemotherapy-related neuropathy, and remains under active oncologic surveillance. The delay exposes him to removal during that surveillance, away from his treating oncologist. This circumstance sets Petitioner's case apart from the ordinary petition in the queue. Courts have credited serious illness under factors three and five. *Gomes v. Rubio*, No. 26-CV-01883 (APM), 2026 WL 2212503, at *9 (D.D.C. July 31, 2026) (factors three

and five favored a plaintiff with physician-verified terminal cancer); *Shuba*, 2026 WL 2389580, at *7-8 (denying dismissal of a delay claim and crediting the plaintiff's unique medical and occupational situation).

47. Competing priorities (factor four). Ordering adjudication will not displace any higher priority. Petitioner's priority date is current, so a decision will produce immediate, usable results rather than a "hurry up and wait" approval. USCIS's own policy treats illness as an urgent humanitarian situation warranting expedited treatment and provides for expedites for persons in removal proceedings. USCIS Policy Manual, Vol. 1, Pt. A, Ch. 5. Upon information and belief, the petition has not moved because it has been left untouched, not because it is waiting its turn behind others. *See Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 339-40 (D.C. Cir. 2023) (allegations that a petitioner was singled out for slower adjudication alleviate line-jumping concerns). In any event, this factor "can go only so far." *Ji v. U.S. Citizenship & Immigr. Servs.*, No. 24-CV-4815-SJB, 2026 WL 171879 (E.D.N.Y. Jan. 22, 2026) (quoting *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 819 (D.C. Cir. 2024)).

48. Nature and extent of the interests prejudiced (factor five). The interests at stake are the unity of a family with three United States citizen children, continuity of cancer surveillance and care, and the loss of the only realistic lawful path to permanent residence. An approved petition is the predicate for the provisional waiver and for administrative closure, and it strengthens any request for a continuance. *See Wu v. Holder*, 571 F.3d 467, 469-70 (5th Cir. 2009). Once a removal order enters, the delay becomes permanent harm. The unavailability of other relief, or of a visa number, does not excuse the delay. *Wang v. Chertoff*, 676 F. Supp. 2d 1086, 1113 (D. Idaho 2009).

49. Impropriety (factor six). Petitioner need not show bad faith to establish unreasonable delay. *TRAC*, 750 F.2d at 80.

50. Respondents have unlawfully withheld and unreasonably delayed adjudication of Petitioner's I-130 in violation of 5 U.S.C. §§ 555(b) and 706(1).

**COUNT TWO: Mandamus (28 U.S.C. § 1361), in the Alternative**

51. Petitioner realleges and incorporates the preceding paragraphs.

52. In the alternative, Petitioner is entitled to a writ of mandamus. The writ issues where the petitioner is clearly entitled to relief, no other adequate remedy exists, and the respondent owes a clear duty to act. *Georges v. Quinn*, 853 F.2d 994, 995 (1st Cir. 1988); *Celebi v. Mayorkas*, 744 F. Supp. 3d 100, 105 (D. Mass. 2024). Each element is met: (1) Petitioner has a clear right to adjudication of her I-130 within a reasonable time; (2) no other adequate remedy is available to her; and (3) Respondents owe her a clear, nondiscretionary duty to adjudicate it. 5 U.S.C. § 555(b); 8 U.S.C. § 1154(b).

**VIII. PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully asks the Court to:

(a) Assume jurisdiction over this matter;

(b) Declare that Respondents have unlawfully withheld and unreasonably delayed adjudication of Petitioner's Form I-130, Receipt No. IOE0923152575;

(c) Order Respondents to adjudicate the Form I-130 within thirty (30) days of the Court's order, and in no event later than [January 15, 2027], so that the decision is available before Mr. Cuevas's February 3, 2027 master calendar hearing;

(d) Order Respondents to file a status report with the Court within seven (7) days after the adjudication;

(e) Retain jurisdiction to ensure compliance with the Court's orders;

(f) Award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(g) Grant any other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 9 day of November 2026.

s/ Raymond L. Sánchez-Maceira
RAYMOND L. SÁNCHEZ-MACEIRA
USDC-PR No. 211405
PO Box 191972
San Juan, PR 00919
Tel. 787-751-2510
sanchezlaw264@gmail.com
Counsel for Petitioner

**VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, Raymond L. Sánchez-Maceira, am counsel for Petitioner and submit this verification on her behalf. I have reviewed the foregoing Petition and the exhibits. I declare under penalty of perjury under the laws of the United States of America that the factual statements in the Petition are true and correct to the best of my knowledge, information, and belief.

Executed on November 9, 2026, in San Juan, Puerto Rico.

s/ Raymond L. Sánchez-Maceira
RAYMOND L. SÁNCHEZ-MACEIRA
USDC-PR No. 211405